UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X,
SHEILA BIGLANG-AWA,

        Plaintiff,                        **O R D E R**

                                                     18 CV 2892 (WFK)

     - AGAINST -

L.K. BENNETT U.S.A, INC.,

        Defendant.
----------------------------------------------------------X

      A initial conference has been scheduled in the above-captioned case on **AUGUST 22, 2018** at **12:00 PM,** before the Honorable Cheryl L. Pollak, United States Magistrate Judge, in Room 1230, at 225 Cadman Plaza East, Brooklyn, New York.

      **All counsel must be present.   <u>Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference</u>.**

      In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed. Plaintiff's counsel is to notify the undersigned, <u>in writing</u>, at least two days before the scheduled conference if an answer still has not been filed.   No request for adjournment will be considered unless made **in writing** at least forty-eight (48) hours before the scheduled conference.

      **THE PARTIES ARE REMINDED OF THE REQUIREMENTS OF THE AMENDMENTS TO Fed. R. Civ. P. 26.   IT IS EXPECTED THAT THE MEETING REQUIRED BY THIS RULE WILL BE HELD AT LEAST 14 DAYS BEFORE THE CONFERENCE, AND THAT ALL MANDATORY DISCLOSURES WILL BE MADE.**

      **Parties are required to participate in Electronic Case Filing (ECF).   ECF enables**

**both the court and litigants to file all case documents electronically, including pleadings, motions, correspondence and orders. ECF is a straightforward system which is easily understood. A user's manual is available through the Clerk's Office, or at our website at http://www.nyed.uscourts.gov. If needed, free training can be arranged for attorneys and their staff at either Eastern District courthouse. All counsel of record will receive notice by e-mail every time a document is filed in this case via ECF.**

**All counsel of record who have not yet registered for ECF must do so within two weeks. If there are other attorneys in the firm who will be working on this case, such attorneys should promptly file a notice of appearance and register for ECF.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**

Dated: Brooklyn, New York
       June 11, 2018

                                            /s/ Cheryl Pollak
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York

# INITIAL CONFERENCE QUESTIONNAIRE

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____

2. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of:   plaintiff(s) _____   and defendant(s) _____

3. Number of depositions by plaintiff(s) of: parties _____   non-parties _____

4. Number of depositions by defendant(s) of:   parties _____   non-parties _____

5. Date for completion of factual discovery: _____

6. Number of expert witnesses of plaintiff(s):   _____ medical   _____ non-medical

    Date for expert report(s): _____

7. Number of expert witnesses of defendant(s):   _____ medical   _____ non-medical

    Date for expert report(s): _____

8. Date for completion of expert discovery: _____

9. Time for amendment of the pleadings by plaintiff(s) _____ or by defendant(s) _____

10. Number of proposed additional parties to be joined by plaintiff(s) \_\_\_\_\_ and by defendant(s) _____ and time for completion of joinder: _____

11. Types of contemplated dispositive motions:   plaintiff(s): _____
    defendant(s): _____

12. Dates for filing contemplated dispositive motions:   plaintiff(s): _____
    defendant(s): _____

13. Have counsel reached any agreements regarding electronic discovery?   If so, please describe at the initial conference.

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts?   If so, please describe at the initial conference.

15. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? (Answer no if any party declines to consent without indicating which party has declined.) **\***
    Yes \_\_\_\_\_   No \_\_\_\_\_

---

**\* The fillable consent form may be found at**
http://www.nyed.uscourts.gov/General_Information/Court_Forms/court_forms.html   **and may be filed electronically upon completion prior to the initial conference, or, brought to the initial conference and presented to the Court for processing.**

# **Magistrate Judge Cheryl L. Pollak**

Chambers Room 1230
Courtroom 13B - South
Telephone (718) 613-2360
Fax (718) 613-2365

     To avoid confusion and facilitate the work of the Clerk's Office, all papers should bear the docket number for the case followed by the initials of the District Judge, followed by Judge Pollak's initials (CLP).

ELECTRONIC CASE FILING

     Pursuant to the Local Rules of the Eastern District, all submissions must be made via the Electronic Case Filing system (the "ECF system") with courtesy copies of submissions exceeding ten (10) pages provided to chambers.   Courtesy copies of submissions exceeding ten (10) pages should be mailed directly to chambers via hard copy.

     Pro se parties are automatically exempt from mandatory electronic filing.   However, parties represented by counsel in pro se cases must file all submissions electronically and mail the submission to the pro se litigant.

**ALTHOUGH ALL DOCUMENTS MUST BE FILED ELECTRONICALLY, COURTESY COPIES ARE STILL REQUIRED OF ALL DOCUMENTS EXCEEDING TEN (10) PAGES.**

**REQUESTS NOT FILED ELECTRONICALLY WILL NOT BE CONSIDERED BY THE COURT.**

CALENDAR MATTERS, STATUS, ADJOURNMENTS:

     All requests for adjournments or extensions must be filed electronically at least two (2) business days prior to the scheduled matter.   Counsel shall confer with the other parties and, whenever possible, obtain consent before contacting chambers with requests for extensions, adjournments, and the scheduling of conferences.   The Court will transmit any ruling via the ECF system.

     All telephone calls concerning calendar matters or case status in criminal or civil matters before Judge Pollak should be made to chambers at (718) 613-2360.   Inquiries regarding appearances for arraignments, bond hearings, or other matters before the duty magistrate should be made to the magistrate clerical department at (718) 613-2620.   Do not call regarding the status of any case or submission without first referring to the docket sheet.

     For questions regarding procedure, please refer to the Federal Rules of Criminal or Civil

Procedure and the Local Rules of the Eastern District.

CONFERENCES:

Pursuant to Fed. R. Civ. P. 26(f), counsel shall, as soon as possible and in any event at least 14 days before an initial conference is held, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, and a proposed discovery plan. The proposed discovery plan may, but need not, be filed on the ECF system.

Counsel shall appear promptly for all pre-trial conferences, prepared and authorized to discuss progress in the case, scheduling of further proceedings, and possible settlement. Civil conferences may be adjourned with the consent of all parties, provided that the Court is notified in writing by electronic filing, **at least two (2) business days** prior to the scheduled conference.

For conferences conducted by telephone, the parties must call chambers at the time of the conference with all parties on the line. If a party calls chambers at the time of the conference without all parties on the line, they will be instructed to call back once all parties are on the line.

Unless otherwise Ordered by the Court, clients are not required to appear for settlement conferences. However, counsel who appears must either have settlement authority or be able to contact a client with settlement authority during the conference.

INTERPRETER SERVICES:

Interpreter services are generally not provided by the Court in civil cases. If a party speaks a language other than English, the party must make his/her own arrangement to conduct his/her case in English. A party may bring an English-speaking friend or family member to court conferences. However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

CHANGE OF ADDRESS:

Parties shall keep the Court apprised of their current address and telephone number. If a party changes address, he/she shall immediately notify the Court and the opposing party in writing.

DEPOSITION PROBLEMS:

Parties encountering deposition problems should first make every effort to resolve the dispute among themselves. In the event a satisfactory resolution cannot be reached, the parties are directed to contact the Court immediately by telephone. The Court will either resolve the

matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute. Under no circumstances should the parties discontinue the deposition without first attempting to contact the Court.

MOTION RULES AT A GLANCE:

| | |
|---|---|
| Oral Argument: | Yes, at the parties' request. See Motion Procedures and Rules ¶ 7. |
| Courtesy Copies to Chambers: | Yes, if the submission exceeds ten (10) pages. See page1 for instructions on the appropriate format of courtesy copies. |

MOTION PROCEDURES AND RULES:

1. Parties experiencing problems with discovery must, prior to filing any formal motions, submit to both the Court and any opposing party a letter, detailing the issues involved. If the dispute requires Court review of document requests, interrogatories, or responses thereto, the moving party shall attach a copy of the relevant documents to its letter. Parties must respond, also by letter, within five (5) business days of receipt of the movant's letter. Any reply must be submitted within three (3) business days of a response. No sur-replies will be accepted without prior permission. The Court may schedule a conference or direct the filing of a formal motion thereafter, if necessary.

2. Return dates and briefing schedules will be set by the Court. If an extension of time is necessary, the parties may agree to a revised schedule and inform the Court by letter. If the parties cannot agree on a revised schedule, either party may contact the Court in writing and the Court will consider the proposed schedule.

3. The Notice of Motion shall not contain a return date, but rather shall state that the return date will be set by the Court. All moving papers will be served on all parties.

5. The "original" of all motion papers shall be filed via the ECF system. In addition, a courtesy copy, marked as such, shall be submitted directly to chambers at the time of filing. See page 1 for instructions on the appropriate format of courtesy copies.

6. Supplemental briefs will not be accepted unless requested by the Court.

7. Any party may request a date for oral argument, provided such a date has not already been scheduled. Once scheduled, oral argument may be adjourned with the consent of all parties, provided that the Court is notified in writing by ECF filing, no later than two (2) business days prior to the scheduled argument.

8. Strict compliance with these rules, the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York is required. Papers not in compliance

with any relevant rule will not be considered in the absence of extraordinary circumstances.

  9.  If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

<u>MOTIONS TO APPEAR PRO HAC VICE</u>

  A proposed order must be included in all motions to appear <u>pro hac vice</u>.

  Affidavits supporting motions to appear <u>pro hac vice</u> shall comply with Local Civil Rule 1.3(c).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                            ,

                        Plaintiffs,                                    PRE-TRIAL ORDER

        -against-                                                      __ CV ____ (___)

                                            ,

                        Defendants.
------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

On or before _____, the parties shall file a proposed pre-trial order which shall control the subsequent course of this action unless modified by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.  The pre-trial order shall include:

(1)    The full caption of the action;

(2)    The names, addresses (including firm names), and telephone and fax numbers of trial counsel;

(3)    A brief statement by plaintiff(s) as to the basis of subject matter jurisdiction, and a brief statement by every other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

(4)    A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

(5)    A statement by each party as to whether the case is to be tried with or without a

jury, and the number of trial days needed;

  (6) Any stipulations or agreed statements of fact or law which have been agreed to by all parties;

  (7) A list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.  Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown;

  (8) A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

  (9) A statement of stipulated facts, if any;

  (10) A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them.  The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal.  The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds.  Meritless objections based on these grounds may result in the imposition of sanctions.  Only exhibits listed will be received in evidence except for good cause shown; and

  (11) All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial.  Where exhibits are voluminous, they should be placed in binders with tabs.

**Filings Prior to Trial in Civil Cases.** Unless otherwise specified or ordered by the Court, the below-mentioned documents shall be filed at least fifteen (15) days prior to the start of trial.

(1) <u>Filings in All Trials:</u>

    a) By claim, a detailed statement regarding damages and other relief sought;

    b) Motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>;

    c) <u>Hearsay evidence.</u> The parties shall identify any material to be relied upon pursuant to Rule 803(18) of the Federal Rules of Evidence. Notice pursuant to Rules 803(23) and 807 of the Federal Rules of Evidence shall be given at the same time.

(2) <u>Filings in Jury Trials:</u>

    a) Requests to charge, with citations of authorities, and proposed voir dire questions shall be filed on the Thursday before trial. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court.

    b) Proposed verdict forms, special verdict forms, and proposed special interrogatories to the jury, if applicable.

(3) <u>Filings in Bench Trials:</u>

    a) A statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

    b) Each party shall submit copies of proposed exhibits;

    c) Each party shall submit proposed findings of fact and conclusions of law, not to exceed fifteen pages, absent prior approval of the Court.

It is certified that the attorneys in this case shall be required to appear in this Court for trial on _____ at _____ a.m.

Dated:	Brooklyn, New York
	         , 20XX

                                                          _____
                                                          Cheryl L. Pollak
                                                          United States Magistrate Judge
                                                          Eastern District of New York